TARDONA, Appellant,

v.

BELL, Appellee.

[Cite as *Tardona v. Bell* (1995), 105 Ohio App.3d 44.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–12–223.

Decided June 26, 1995.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Marla L. Scully,* for appellant.

*John Bell, pro se.*

KOEHLER, Judge.

Plaintiff-appellant, Lydia Tardona, appeals an order of the Butler County Court of Common Pleas, Domestic Relations Division, directing that a lump sum received by defendant-appellee, John Bell (appellant's former husband), from workers' compensation be equally divided between appellant and appellee.[1]

Appellant assigns a single error:

"The trial court erred to the prejudice of the appellant in ordering that the workers' compensation lump sum received by the Butler County Child Support Enforcement Agency pursuant to R.C. 3113.21(H)(3)(b) be split equally between plaintiff and defendant rather than being applied in its entirety to the child support arrearage owed by the defendant."

R.C. 3113.21(H)(3) provides:

"(a) Upon receipt of a notice from a child support enforcement agency under division (G)(6) of this section that a lump-sum payment of five hundred dollars or more is to be paid to the obligor, the *court shall* do either of the following:

"(i) *If the obligor* is in default under the support order or *has any unpaid arrearages* under the support order, *issue an order requiring the transmittal of the lump-sum payment to the child support enforcement agency.*

"(ii) If the obligor is not in default under the support order and does not have any unpaid arrearages under the support order, issue an order directing the person who gave the notice to the court to immediately pay the full amount of the lump-sum payment to the obligor.

"(b) Upon receipt of any moneys pursuant to division (H)(3)(a) of this section, a child support enforcement agency *shall pay the amount of the lump-sum payment that is necessary to discharge all of the obligor's arrearages to the obligee* and, within two business days after its receipt of the money, any amount that is remaining after the payment of the arrearages to the obligor." (Emphasis added.)

■ R.C. 3113.21(H)(3) clearly requires a trial court to transmit any lump sum of $500 or more received by the obligor to the child support enforcement agency for it to apply the sum to the obligor's arrearages to the obligee. The trial court

---

1. Appellee received a lump-sum disbursement of $1,621.04 as a percentage increase adjustment on his disability claim with workers' compensation. At a hearing on the issue of distribution of the lump sum, the parties agreed that the attorney who handled the workers' compensation case for appellee should receive a third of the lump sum. The trial court subsequently adopted the referee's report, which recommended that one-third of the lump sum be paid as attorney fees and that the remaining balance of $1,086.11 be equally divided between the parties. Appellant did not appeal the attorney fees award.

has no discretion to choose the amounts to be allocated to the arrearages and to the obligor. *Calhoun v. Tucker* (May 18, 1992), Stark App. No. CA–8698, unreported, 1992 WL 127100; *Colwell v. Jones* (Aug. 1, 1990), Summit App. No. 14528, unreported, 1990 WL 108752.

In the case at bar, appellee had unpaid arrearages under his child support order of $5,496.65, of which $3,137.51 was owed to appellant. The trial court should have ordered the entire $1,086.11 lump sum to be applied to the child support arrearage. We therefore find that the trial court erred in ordering that the lump sum be equally divided between the parties. Appellant's sole assignment of error is sustained.

For the foregoing reasons, the judgment of the Butler County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded to that court for instructions to issue an order requiring transmittal of the entire $1,086.11 lump sum to the Butler County Child Support Enforcement Agency. The agency should then apply the amount to appellant's arrearages pursuant to R.C. 3113.21(H)(3)(b).

*Judgment reversed*
*and cause remanded.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.